

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

Signed July 7, 2008                                    **United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

In re:                                    §
                                          §
**AEROSPACE & INDUSTRIAL**                §          **CASE NO. 07-36094-SGJ-11**
**MANUFACTURING, INC.**                   §
                                          §
                          Debtor.         §
                                          §

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**REGARDING MOTION TO DISMISS CHAPTER 11 CASE**

CAME ON FOR HEARING on the 24th day of June 2008, the *Debtors' Motion To Dismiss Chapter 11 Case* (the "Motion") filed by Aerospace & Industrial Manufacturing, Inc., the debtor and debtor-in-possession ("Debtor") in the above-captioned chapter 11 case (the "Case"). Upon consideration of the Motion, the Court hereby enters the following findings of fact and conclusions of law as follows:

1.      On December 5, 2007 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), initiating the Case and creating its bankruptcy estate (the "Estate").

2.      Debtor continues to operate its business and maintains possession of its assets as a debtor in possession under the Bankruptcy Code.

3.      Debtor is the business of manufacturing parts and products for use in the aerospace and related industries.

4.      As of the Petition Date, Debtor had two significant secured creditors, Corsair Special Opportunities Fund, L.P. ("Corsair"), which held a secured claim in excess of $3,500,000 (the "Secured Claim"), and the State of Texas for various unpaid taxes (the "Tax Claim"). The Secured Claim is secured by substantially all assets of the Estate. The Tax Claim has been satisfied or otherwise resolved and is no longer a claim against the Estate with regard to pre-petition claims.

5.      During the Case, Debtor has operated its business with use of cash collateral and, to some extent, post-petition financing provided by Corsair and Nex Tech AIM, Inc. ("NTA") pursuant to various orders permitting the use of cash collateral and authorizing post-petition financing (the "Cash and Financing Orders"). Pursuant to the initial Cash and Financing Orders, Corsair was granted a security interest in all assets of Debtor's Estate, including post-petition assets, as adequate protection of Corsair's interest in the cash collateral used by Debtor and as additional collateral to secure the post-petition debt, in addition to other rights, remedies, protections and benefits (the "Post-petition Secured Rights and Interests"). Pursuant to the Cash and Financing Orders, Debtor is able to use cash collateral to the extent set forth in a monthly budget and to the extent Corsair (or its successor) does not object to such use on a monthly basis.

6.      As evidenced by a Notice of Transfer of Claim filed on May 1, 2008 [Docket #124], Corsair subsequently assigned the Secured Claim and all Post-petition Secured Rights and Interests to NTA.

7.      On or about May 23, 2008, Debtor and NTA entered into that certain Claims Acquisition Agreement (the "Claims Acquisition Agreement"), pursuant to which NTA or its designee will agree to acquire and purchase the known, liquidated and non-contingent

administrative priority and general unsecured claims of Debtor (the "Claims") upon and after entry of an order dismissing the Case (the "Dismissal Order") on terms and conditions acceptable to NTA (the "Claims Arrangement").

8. The Claims Arrangement includes resolution of Debtor's post-petition administrative priority claims, including claims for compensation asserted by Debtor's financial consultant, General Capital Partners ("GCP"), and Debtor's counsel, Wright Ginsberg Brusilow, P.C. ("WGB"), the latter of which are the subject of separate agreements between GCP and NTA, and WGB and NTA and which are attached to the Motion. The Claims Acquisition Agreement and the Claims Arrangement shall survive the dismissal of this Case.

9. NTA has presented evidence of its intention to abide by the terms of the Claims Acquisition Agreement in the form of multiple proposal sent out to specific creditors, some of which have executed the assignment in favor of NTA.

10. Based upon the value of the Collateral (comprising substantially all asset of Debtor and the Estate), the Claims Arrangement will result in a more favorable return to unsecured creditors of Debtor, who otherwise risk receiving nothing in the Case.

11. In the event that the Case is not dismissed, Debtor's continued use of cash collateral is uncertain, and the cash collateral may not be sufficient for Debtor to maintain meaningful operations or its reorganization efforts.

12. If the Case is converted to a case under Chapter 7, the fair market value of the Collateral is less than the Secured Claim, and thus there would be virtually no unencumbered assets available for distribution to unsecured creditors or to fund the administration of the Case under chapter 7.

13. No objection to the Motion was filed or presented at the Hearing.

14. Sufficient cause exists for entry of the Dismissal Order, and dismissal of the Case is in the best interest of the creditors of the Estate.

# # # END OF ORDER # # #

Submitted by:

E. P. Keiffer
State Bar No. 11181700
**Wright Ginsberg Brusilow, P.C.**
The Elm Place Building
1401 Elm Street, Suite 4750
Dallas, TX  75202
Telephone: (214) 651-6517
Facsimile: (214) 744-2615
Email:  pkeiffer@wgblawfirm.com